**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5154**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

LAVON RICHARD CALDWELL, a/k/a Jamal Garrison,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:07-cr-00293-RDB-2)

Submitted:  June 10, 2009    Decided:  July 7, 2009

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. Paul E. Budlow, OFFICE OF THE UNITED STATES ATTORNEY, Tonya Kelly Kowitz, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavon Richard Caldwell appeals from the sixty-one month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2006) (Count 1), and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2006) (Count 3).  Caldwell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning the validity of Caldwell's guilty plea and whether Caldwell's sentence is reasonable.  Caldwell filed a pro se supplemental brief, alleging that his guilty plea is invalid because of trial counsel's ineffective assistance and that his sentence is unreasonable because the amount of total loss and his criminal history points were incorrectly calculated.  The Government has not filed a brief.  Finding no error, we affirm.

I.

Counsel first questions the issue of whether Caldwell's guilty plea was invalid, but concludes that it was knowing and voluntary.  Prior to accepting a defendant's guilty plea, Federal Rule of Criminal Procedure 11(b)(1) ("Rule 11") requires the district court to address the defendant in open

2

court and ensure he understands the following: the nature of the charge against him; any mandatory minimum sentence; the maximum possible sentence, including imprisonment, fine, and term of supervised release; the mandatory special assessment; the applicability of the advisory Guidelines; his right to an attorney at all stages of the proceedings; his right to plead not guilty; his right to a jury trial with the assistance of counsel; his right to confront and cross-examine witnesses; his right to testify on his own behalf and his right against self-incrimination; the court's authority to order restitution; any applicable forfeiture; and the government's right to use any of his statements under oath in a perjury prosecution. Fed. R. Crim. P. 11(b)(1). The district court must also inform the defendant that he may not withdraw his guilty plea once the court accepts it and imposes a sentence. Fed. R. Crim. P. 11(e). Additionally, the district court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Finally, the district court must ensure the defendant's plea was voluntary and did not come about as a result of force, threats, or promises. Fed. R. Crim. P. 11(b)(2).

Because Caldwell did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 colloquy, the plea colloquy is reviewed for plain error.

United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, Caldwell must show that an "error occurred, that the error was plain, and that the error affected his substantial rights." General, 278 F.3d at 393 (internal quotation marks and citation omitted). An error is plain if it is "clear" or "obvious." United States v. Olano, 507 U.S. 725, 734 (1993). A defendant's substantial rights are affected if the Court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks and citation omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that he would not have pled guilty but for the error).

Counsel makes an argument that Caldwell was incorrectly informed of his rights because the district court stated that the two year sentence for Count 3 ran concurrent to the sentence for Count 1. However, it is clear the district court misspoke, as the judge immediately explained that "you will have two years in addition to whatever the sentence is for Count 1." Moreover, the written plea agreement Caldwell signed stated that the sentence for Count 3 would run consecutive to

4

any sentence for Count 1. Counsel does not allege any further errors in the district court's Rule 11 colloquy and our review of the record reveals that the district court substantially complied with the mandates of Rule 11 in accepting Caldwell's guilty plea.

## II.

Counsel next challenges the reasonableness of Caldwell's sentence.[*] Consistent with United States v. Booker, 543 U.S. 220 (2005), the district court is required to follow a multi-step process at sentencing. First, it must calculate the proper sentencing range prescribed by the Guidelines. Gall v. United States, 552 U.S. 32, ___, 128 S. Ct. 586, 596 (2007); see also United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008). It must then consider that range in light of the parties' arguments regarding the appropriate sentence and the factors set out in 18 U.S.C. § 3553(a) (2006), before imposing its sentence. Gall, 552 U.S. at ___, 128 S. Ct. at 596; see also Abu Ali, 528 F.3d at 260.

---

[*] In the plea agreement, Caldwell waived his right to appeal a sentence within the advisory Guidelines range for an adjusted offense level of 20 or lower on Count 1 plus two years' imprisonment on Count 3. However, the Government failed to assert the waiver as a bar to the appeal. Therefore, we may undertake an Anders review. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

We review the district court's sentence for abuse of discretion. Gall, 552 U.S. at ___, 128 S. Ct. at 591. First, we must ensure the district court did not commit any "significant procedural error," such as failing to consider the 18 U.S.C. § 3553(a) factors or failing to adequately explain the sentence. Id. at 597. The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court must "place on the record an individualized assessment based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks, footnote, and citations omitted). This is true even when the district court sentences a defendant within the applicable Guidelines range. Id.

Once we have determined there is no procedural error, we must consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at ___, 128 S. Ct. at 597. If the sentence imposed is within the appropriate Guidelines range, on appeal it is presumptively reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). The presumption may be rebutted by a

6

showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted).

Our review of the record reveals that the district court properly calculated Caldwell's advisory Guidelines range of thirty-seven to forty-six months on Count 1. Additionally, the district court provided a lengthy explanation of the sentence, noting that the nature and circumstances of the offense were "egregious" and that there were numerous victims and a large amount of money involved. The district court also viewed Caldwell as "probably the second most culpable person in this entire ring," noting that Caldwell did not appear to recognize his level of wrongdoing. The record is also clear that the district court considered the arguments of both attorneys and Caldwell's allocution prior to sentencing Caldwell. Therefore, we find that the district court performed an adequate individualized assessment and committed no procedural error.

Furthermore, Caldwell's within-Guidelines sentence is presumptively reasonable on appeal and Caldwell has not rebutted that presumption. Therefore, we find that the district court committed no substantive error in sentencing Caldwell. Accordingly, the district court did not abuse its discretion in

sentencing Caldwell to thirty-seven months' imprisonment on Count 1 and a consecutive term of twenty-four months' imprisonment on Count 3.

## III.

In his pro se supplemental brief, Caldwell alleges that his guilty plea is invalid because of the ineffective assistance of counsel. A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance, the defendant must show two things: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Our review of the record reveals no conclusive evidence that Caldwell's counsel did not provide effective assistance. We have examined the

remainder of Caldwell's pro se claims and find them to lack merit.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Caldwell's conviction and sentence. This court requires that counsel inform Caldwell, in writing, of his right to petition the Supreme Court of the United States for further review. If Caldwell requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Caldwell. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>